[Civ. No. 4330.   Fourth Dist.   Aug. 30, 1951.]

DICCO, INC. (a Corporation) et al., Appellants, v. JERRY FARRAR, Respondent.

West, Vizzard, Howden & Baker for Appellants.

William R. Hulsy for Respondent.

BARNARD, P. J.—The plaintiffs, as joint venturers, had a contract with the State Highway Department for certain work on Highway 99, south of Bakersfield.   They entered into a contract with the defendant by which he agreed to furnish "the aggregate and screenings" for this job, the estimated amount being 92,600 tons.   The contract further provided

that the defendant should "exercise due diligence to furnish a minimum quantity of 1000 tons of mineral aggregate per day."

The plaintiffs installed a "hot plant" for the purpose of treating material supplied from the defendant's rock crusher plant near by. During the earlier part of the contract period the plaintiffs' "hot plant" had an unusual number of breakdowns, causing the defendant to shut down his rock crusher because of lack of storage space. During the latter part of that period the defendant's rock crusher had an unusual number of breakdowns, causing the "hot plant" to shut down for lack of material. The defendant delivered to the plaintiffs a total of 95,577 tons. The plaintiffs' contract with the state was completed and they were paid in full by the state. A balance of $7,691.72 was admittedly due to the defendant, unless the plaintiffs had a valid claim against him for damages.

The complaint alleged that the plaintiffs had fully performed, but that the defendant had failed and refused to perform his agreement to furnish a minimum of 1,000 tons of material per day; that on many occasions he had failed to furnish any material for a period of one to three days; that as a consequence of his failure to thus comply with his agreement the plaintiffs had incurred a loss of time of 37 days during the contract period; and that the plaintiffs were thereby damaged in the sum of $18,500. The defendant answered, denying that he had refused to comply with the agreement, and alleging that he had at all times used due diligence in that regard; that at times when his plant broke down he had used all of his abilities and worked his crews 24 hours a day in making repairs; that the plaintiffs had at times urged him to exceed 1,000 tons per day, and on many days he had delivered 1,600 tons per day; and that for three fourths of the contract period he had delivered an average of 1,078 tons per day. He also filed a cross-complaint seeking to recover the balance of the contract price for the material furnished.

The court found that the material allegations of the complaint were not true, except that it was true that the defendant did not furnish a minimum of 1,000 tons of material per day. In effect, the court found that the defendant had not violated the agreement, and that the plaintiffs had not been damaged as the result of any such violation. The court found in favor of the defendant on his cross-complaint and entered judgment in his favor, from which the plaintiffs have appealed.

It is first contended that two of the court's findings are not supported by the evidence. In the first of these the court found that it was not true that the defendant had wilfully failed and refused to perform the contract by furnishing at least 1,000 tons of material per day, and not true that any damage was caused by his failure to comply with the terms of the contract. In the second, the court found that the material delivered had been furnished in accordance with the terms of the contract.

The entire controversy is as to whether the respondent used due diligence with respect to the furnishing of 1,000 tons per day. The appellants admit that there is a conflict in the evidence regarding the use of due diligence in maintaining and repairing respondent's plant and equipment, and such a conflict amply appears from the record. They contend, however, that the respondent failed to use due diligence in that he should have worked night shifts at such times as were necessary to create a sufficient stock pile to keep the "hot plant" going steadily. There was some evidence that in such work it was reasonable practice to run a double shift when necessary. The respondent testified that in nine years of experience in working for others he had seen this done only once, and this during the war when the work was being done on a cost-plus basis. There was evidence that the respondent followed the usual custom in operating and maintaining his plant; that during a part of the time he did operate a double shift, at appellant's request; and that this resulted in practically no increase in production because it interfered with the normal greasing and maintenance of the plant, and caused too much loss of time in making repairs. There was also evidence that the accumulation of a stock pile was limited by the space available. The respondent did operate on a 24-hour basis at all times when necessary in making repairs or in maintaining the plant. "Due diligence" is a relative term, and that issue presented a factual question for the trial court. Nothing more than a conflict in the evidence appears and the disputed findings are sufficiently supported.

The final contention is that the respondent failed to plead or prove a cause of action since he failed to plead or prove that he had performed the contract by delivering 1,000 tons of material per day. The cross-complaint alleged that under the terms of the agreement more than 95,000 tons of material had been furnished, that a certain amount had been paid, and that a certain amount remained due, including the

10 per cent which was to be withheld until the completion of the work. These things were proved and the appellants' defense to the cross-complaint was based on an attempted offset because of the damages they claimed. The court held, in effect, that the respondent had not breached the contract and found against the appellants on their claim for damages. Neither a failure of proper pleading nor a failure of proof appears.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.